IN THE SUPREME COURT OF NORTH CAROLINA

 2021-NCSC-100

 No. 494A20

 Filed 27 August 2021

 IN THE MATTER OF: M.J.M. and A.M.M.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) from orders entered on 20

 August 2020 by Judge Brooke Clark in District Court, Robeson County. This matter

 was calendared for argument in the Supreme Court on 21 June 2021 but determined

 on the record and brief without oral argument pursuant to Rule 30(f) of the North

 Carolina Rules of Appellate Procedure.

 No brief for petitioner-appellee.

 Dorothy Hairston Mitchell for respondent-appellant mother.

 HUDSON, Justice.

¶1 Respondent-mother appeals from the trial court’s orders terminating her

 parental rights to the minor children M.J.M. (Mariel)1 and A.M.M. (Audrey). Upon

 consideration of respondent-mother’s arguments, we affirm.

 I. Background

¶2 This is an appeal in private termination proceedings initiated by the children’s

 paternal aunt (petitioner) to terminate the parental rights of respondent-mother and

 1 Pseudonyms are used to protect the identity of the minor children and for ease of

 reading.
 IN RE M.J.M. AND A.M.M.

 2021-NCSC-100

 Opinion of the Court

 the children’s father.2 On 19 September 2019, petitioner filed a verified petition to

 terminate respondent-mother’s parental rights to Mariel. The petition alleged that

 Mariel, who was born in June 2014, had resided with petitioner since October 2014

 and that petitioner had been awarded guardianship of Mariel on 28 June 2016 in

 juvenile proceedings in the District Court in Wake County. The petition further

 alleged that grounds existed to terminate respondent-mother’s parental rights to

 Mariel for failure to make reasonable progress, willful failure to pay a reasonable

 portion of Mariel’s cost of care, and willful abandonment. See N.C.G.S. § 7B-

 1111(a)(2)–(3), (7) (2019). On 18 November 2019, petitioner filed a verified petition to

 terminate respondent-mother’s parental rights to Audrey. The petition alleged that

 Audrey, who was born in May 2015, had resided with petitioner since May 2015. The

 petition further alleged that grounds existed to terminate respondent-mother’s

 parental rights to Audrey for willful failure to pay a reasonable portion of Audrey’s

 cost of care and willful abandonment. See N.C.G.S. § 7B-1111(a)(3), (7).

¶3 The termination petitions were served on respondent-mother by certified mail,

 and respondent-mother did not file answers to the petitions.

¶4 At a pre-adjudication hearing on the termination petitions on 17 February

 2 The father ultimately consented to petitioner’s adoption of Mariel and Audrey,
 making it unnecessary for petitioner to proceed with the termination of his parental rights.
 Accordingly, he is not a party to this appeal, and this opinion does not discuss the allegations
 in the termination petitions related to the father.
 IN RE M.J.M. AND A.M.M.

 2021-NCSC-100

 Opinion of the Court

 2020, the trial court determined it had jurisdiction over the petitions and scheduled

 a termination hearing for 20 April 2020. The termination hearing was continued once

 upon a motion by respondent-mother, but the trial court denied respondent-mother’s

 motion to further continue the matter and heard the termination petitions together

 on 29 June 2020. On 20 August 2020, the trial court entered orders terminating

 respondent-mother’s parental rights to Mariel and Audrey. The trial court concluded

 that grounds existed to terminate respondent-mother’s parental rights to both

 children for willful failure to pay a reasonable portion of their cost of care and willful

 abandonment, see N.C.G.S. § 7B-1111(a)(3) and (7), and it was in the children’s best

 interests to terminate her parental rights. Respondent-mother appealed the

 termination orders.

 II. Analysis

¶5 Respondent-mother argues on appeal: (1) the trial court lacked subject-matter

 jurisdiction to enter the order terminating her parental rights to Mariel, and (2) the

 trial court erred by failing to exercise its discretion to appoint a guardian ad litem for

 the children. Respondent-mother does not otherwise challenge the trial court’s

 adjudication of the existence of grounds to terminate her parental rights or its

 determination that termination was in the children’s best interests.

 A. Jurisdiction

¶6 We first address respondent-mother’s argument that the trial court lacked
 IN RE M.J.M. AND A.M.M.

 2021-NCSC-100

 Opinion of the Court

 subject-matter jurisdiction over the petition to terminate her parental rights to

 Mariel. “Whether or not a trial court possesses subject-matter jurisdiction is a

 question of law that is reviewed de novo. Challenges to a trial court’s subject-matter

 jurisdiction may be raised at any stage of proceedings, including for the first time

 before this Court.” In re A.L.L., 376 N.C. 99, 101 (2020) (cleaned up) (quoting In re

 T.R.P., 360 N.C. 588, 595 (2006)).

¶7 Respondent-mother argues the District Court in Robeson County lacked

 subject-matter jurisdiction over the petition to terminate her parental rights to

 Mariel because the District Court in Wake County obtained and retained exclusive

 jurisdiction “over Mariel” in Mariel’s underlying juvenile case, in which the District

 Court in Wake County granted petitioner guardianship of Mariel in June 2016.

 Respondent-mother thus asserts the order entered by the District Court in Robeson

 County terminating her parental rights to Mariel must be vacated. See In re T.R.P.,

 360 N.C. at 590 (“Subject[-]matter jurisdiction is the indispensable foundation upon

 which valid judicial decisions rest, and in its absence a court has no power to act[.]”).

 We disagree.

¶8 This Court recently rejected a similar jurisdictional argument in In re A.L.L.,

 in which the respondent argued “the Davie County District Court lacked subject-

 matter jurisdiction to enter an order terminating her parental rights because the

 Davidson County District Court had previously entered a permanency-planning order
 IN RE M.J.M. AND A.M.M.

 2021-NCSC-100

 Opinion of the Court

establishing [the] petitioners as [the juvenile’s] legal permanent guardians.” In re

A.L.L., 376 N.C. at 103. In that case, we recognized “[a] trial court’s subject-matter

jurisdiction over a petition to terminate parental rights is conferred by N.C.G.S. § 7B-

1101.” Id. at 104. That section provides,

 [t]he court shall have exclusive original jurisdiction to hear
 and determine any petition or motion relating to
 termination of parental rights to any juvenile who resides
 in, is found in, or is in the legal or actual custody of a county
 department of social services or licensed child-placing
 agency in the district at the time of filing of the petition or
 motion.

N.C.G.S. § 7B-1101 (2019). This Court further explained,

 [i]t is well-established that a court’s jurisdiction to
 adjudicate a termination petition does not depend on the
 existence of an underlying abuse, neglect, and dependency
 proceeding. Indeed, although the Juvenile Code permits
 petitioners to seek termination in the same district court
 that is simultaneously adjudicating an underlying abuse,
 neglect, or dependency petition, the statutory language
 does not mandate filing in a single court. Thus, . . . a trial
 court lacks jurisdiction over a termination petition if the
 requirements of N.C.G.S. § 7B-1101 have not been met,
 even if there is an underlying abuse, neglect, or
 dependency action concerning that juvenile in the district
 in which the termination petition has been filed. However,
 if the requirements of N.C.G.S. § 7B-1101 have been met
 in one county, then a district court in that county has
 jurisdiction, even if an abuse, neglect, or dependency action
 is pending in another county.

In re A.L.L., 376 N.C. at 105 (cleaned up) (quoting In re E.B., 375 N.C. 310, 317

(2020)). Accordingly, we held the trial court had jurisdiction in In re A.L.L. when “the
 IN RE M.J.M. AND A.M.M.

 2021-NCSC-100

 Opinion of the Court

 petitioners were [the juvenile’s] legal permanent guardians who filed their petition

 in the district court in the county where they resided with [the juvenile], satisfying

 the requirements of N.C.G.S. § 7B-1101.” Id.

¶9 In the present case, it is undisputed that petitioner was Mariel’s legal

 permanent guardian and that petitioner filed the termination petition in the District

 Court in Robeson County, the county in which petitioner resided with Mariel.

 Therefore, the requirements of N.C.G.S. § 7B-1101 were satisfied so as to confer

 jurisdiction over the termination petition in the District Court in Robeson County.

 Accordingly, we overrule respondent-mother’s argument that the District Court in

 Robeson County lacked subject-matter jurisdiction over the petition to terminate her

 parental rights to Mariel.

 B. Guardian ad Litem

¶ 10 We next address respondent-mother’s argument that the trial court erred by

 failing to exercise its discretion to appoint a guardian ad litem (GAL) for the children.

 The appointment of a GAL for a juvenile in termination proceedings is governed by

 N.C.G.S. § 7B-1108. That section provides, in relevant part:

 (b) If an answer or response denies any material allegation
 of the petition or motion, the court shall appoint a guardian
 ad litem for the juvenile to represent the best interests of
 the juvenile . . . .

 (c) In proceedings under this Article, the appointment of a
 guardian ad litem shall not be required except, as provided
 above, in cases in which an answer or response is filed
 IN RE M.J.M. AND A.M.M.

 2021-NCSC-100

 Opinion of the Court

 denying material allegations . . . ; but the court may, in its
 discretion, appoint a guardian ad litem for a juvenile,
 either before or after determining the existence of grounds
 for termination of parental rights, in order to assist the
 court in determining the best interests of the juvenile.

 N.C.G.S. § 7B-1108(b)–(c) (2019).

¶ 11 It is undisputed that respondent-mother did not file an answer or response to

 the termination petitions. Therefore, the trial court was not required to appoint a

 GAL pursuant to N.C.G.S. § 7B-1108(b). However, respondent-mother contends the

 trial court failed to exercise its discretion under N.C.G.S. § 7B-1108(c) to appoint a

 GAL absent an answer or response because the trial court was under a mistaken

 belief that it could not do so. Due to the trial court’s alleged misapprehension of the

 law, respondent-mother contends the termination orders must be reversed and

 remanded in order for the trial court to exercise its discretion under N.C.G.S. § 7B-

 1108(c). Again, we disagree.

¶ 12 First, although the trial court considered appointing a GAL in deciding

 whether to grant respondent-mother’s motion to further continue the termination

 hearing, no party moved for the trial court to appoint a GAL for the children, nor was

 there any objection to the lack of a GAL. Thus, respondent-mother failed to preserve

 this issue for appellate review. See In re A.D.N., 231 N.C. App. 54, 65–66 (2013)

 (reiterating that “in order to preserve for appeal the argument that the trial court

 erred by failing to appoint the child a GAL, a respondent must object to the asserted
 IN RE M.J.M. AND A.M.M.

 2021-NCSC-100

 Opinion of the Court

 error below” (citing In re Fuller, 144 N.C. App. 620, 623 (2001); In re Barnes, 97 N.C.

 App. 325, 326 (1990))), disc. rev. denied, 367 N.C. 321 (2014); see also N.C. R. App. P.

 10(a)(1) (“In order to preserve an issue for appellate review, a party must have

 presented to the trial court a timely request, objection, or motion . . . .”).3

¶ 13 Moreover, assuming arguendo the issue was preserved, the record does not

 “undoubtedly show the trial court mistakenly believed [it] could not appoint a

 guardian ad litem since an answer was not filed[,]” as asserted by respondent-mother.

 The transcript of the termination hearing shows that respondent-mother’s attorney

 moved to continue the termination hearing for a second time when the matter was

 called on 29 June 2020 due to respondent-mother’s absence. Although respondent-

 mother was not physically present, she participated by telephone. In considering the

 motion to continue, the trial court identified various considerations, including that

 respondent-mother indicated she was contesting termination of her parental rights

 despite her prior indecisiveness and failure to file an answer. The trial court indicated

 it believed it was better practice to have a GAL involved if respondent-mother was

 3 We note that respondent-mother asserts the matter should be reviewed on appeal

 despite her failure to raise the issue or an objection in the trial court. She relies on the Court
 of Appeals’ decisions in In re Fuller, 144 N.C. App. 620 (2001), and In re Barnes, 97 N.C. App.
 325 (1990). In those cases, however, the court did not hold that challenges to the trial court’s
 failure to appoint a GAL were preserved for appellate review; the court instead invoked Rule
 2 of the North Carolina Rules of Appellate Procedure to suspend the appellate rules in order
 to reach the issue of whether the trial court committed prejudicial error by failing to comply
 with the statutory mandate that a GAL shall be appointed when an answer is filed contesting
 a termination petition. In re Fuller, 144 N.C. App. at 623; In re Barnes, 97 N.C. App. at 326–
 27.
 IN RE M.J.M. AND A.M.M.

 2021-NCSC-100

 Opinion of the Court

 contesting the matter and acknowledged that the reason there was not yet a GAL

 involved was because respondent did not file an answer. However, the trial court

 indicated it wanted to hear from the parties before deciding how to proceed. The

 transcript shows that the trial court remained concerned about further delay in the

 proceedings after hearing from the parties, and the trial court ultimately denied the

 motion to continue and proceeded without appointing a GAL after respondent-mother

 indicated the only evidence she could offer was her own testimony, which the trial

 court allowed by telephone.4 The record does not indicate the trial court was under a

 misapprehension of the law or failed to exercise its discretion. We overrule

 respondent’s argument.

 III. Conclusion

¶ 14 Having overruled respondent-mother’s arguments that the trial court lacked

 subject-matter jurisdiction over the petition to terminate her parental rights to

 Mariel and that the trial court erred in failing to exercise its discretion to appoint a

 GAL for the children, and because respondent-mother does not challenge the trial

 court’s adjudication of the existence of grounds to terminate her parental rights or

 determination that termination was in the children’s best interests, we affirm the

 trial court’s orders terminating respondent-mother’s parental rights to Mariel and

 4 Respondent-mother does not challenge the trial court’s denial of her motion to
 continue.
 IN RE M.J.M. AND A.M.M.

 2021-NCSC-100

 Opinion of the Court

Audrey.

 AFFIRMED.